UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY GARDNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 08 C 1275 |
| | ) |
| JEFFERSON COUNTY, ILLINOIS, | ) |
| KANE COUNTY, ILLINOIS, KANE | ) |
| COUNTY SHERIFF'S OFFICE, and | ) |
| JEFFERSON COUNTY SHERIFF'S | ) |
| OFFICE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Before this court are Defendants Kane County, the Kane County Sheriff's Office (the "Kane County Sheriff"), Jefferson County, and the Jefferson County Sheriff's Office (the "Jefferson County Sheriff")'s motions to dismiss Plaintiff Kimberly Gardner's two-count amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Jefferson County Sheriff and Jefferson County's motions to transfer. For the following reasons, Defendants' motions are granted in part and denied in part.

## BACKGROUND

On January 13, 2006, Gardner was a pretrial detainee in the custody of the Kane County Sheriff. Due to overcrowding at the Kane County jail, Gardner was

transferred to the Jefferson County jail. Gardner was allegedly the victim of statutory rape while an inmate at the Jefferson County jail. In February 2008, Gardner filed a two-count amended complaint against Defendants.

Count I of Gardner's Amended Complaint contains state claims of negligence and willful and wanton misconduct. Specifically, Gardner alleges in Count I that the Kane County Sheriff was both negligent and willful and wanton in transferring her to the Jefferson County jail because of overcrowding at the Kane County jail despite knowing that the Jefferson County Sheriff:

> allowed sheriff's department employees and other county jail personnel to accept female inmate's attention or sexual favors in exchange for additional food, toiletries, and other privileges.

Additionally in Count I, Gardner alleges that the Jefferson County Sheriff knew about the above mentioned condition in its jail as well as the following conditions, but did not make any corrections:

1. failed to properly supervise the sheriff's department employees who exercised care, custody, control and authority over her; and

2. failed to prevent sheriff's department employees and other personnel from having unsupervised access to her cell;

3. allowed communication of an inappropriate or sexual nature between her and the male prison personnel;

4. failed to have adequate prison matrons or other female supervisory personnel in prison units housing female, and minor female inmates;

5. failed to properly assess, evaluate, and train sheriff's department employees who would have care, custody, supervision, and control over female inmates or minor female inmates; and

6. failed to properly evaluate the training, background, trustworthiness, and character of the employees hired and retained to supervise the female inmates.

Gardner alleges that as a result of the Jefferson County Sheriff's actions, she was raped. In Count I, Gardner seeks to hold both Jefferson County and Kane County liable for their respective Sheriff's actions.

In Count II, Gardner alleges that Defendants' actions violated her rights under 42 U.S.C. 1983, under the Fourth Amendment, under the Sixth Amendment, under the Due Process Clause, and under the Equal Protection Clause. Defendants now seek to dismiss Gardner's complaint pursuant to Rule 12(b)(6).

**LEGAL STANDARD**

Fed. R. Civ. P. 12(b)(6) evaluates the legal sufficiency of a plaintiff's complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe all allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint.

*Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual allegations contained within a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1965 (2007). However, a pleading need only convey enough information to allow the defendant to understand the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999).

## DISCUSSION

### I. State Claims

Both the Jefferson County Sheriff and the Kane County Sheriff ("both Sheriffs") argue that Count I should be dismissed against them because they are public employees who are immune from negligent and willful and wanton acts pursuant to Sections 745 ILCS 10/2-201[1] and 745 ILCS 10/4-103[2] of the Illinois

---

[1] Section 745 ILCS 10/2-201 provides: "Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for any injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused."

[2] Section 745 ILCS 10/4-103 provides: "Neither a local public entity nor a public employee is liable for failure to provide a jail, detention or correctional facility, or if such a facility is provided, for failure to provide sufficient equipment, personnel, supervision or facilities therein. Nothing in this Section requires the periodic inspection of prisoners."

Local Governmental and Governmental Employee Tort Immunity Act (the "Tort Immunity Act").

Under the Tort Immunity Act, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy. ILCS 10/2-201; *Thiele v. Kennedy*, 309 N.E.2d 394, 396 (Ill. App. Ct. 1974); 745 ILCS 10/1-206. Sheriffs are entitled to the absolute immunity granted by the Tort Immunity Act because they are public employees who make policy determinations for their respective jails. *See* 745 ILCS 10/1-206. This "immunity is conditioned upon the sheriff's good faith exercise of discretion and extends only to acts not resulting from corrupt or malicious motives." *Thiele*, 309 N.E.2d at 396.

Count I of Gardner's complaint alleges negligent and willful and wanton acts against both Sheriffs; it does not allege that the Kane County Sheriff or the Jefferson County Sheriff acted with any corrupt or malicious motive. Consequently, Count I is dismissed against both Sheriffs because neither Sheriff can be held liable for the acts they allegedly committed against Gardner in Count I.

Having found that both Sheriffs cannot be held liable under Count I, we also find that it is proper to dismiss Count I against Kane County and Jefferson County

because "local public entit[ies] [are] not liable for any injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109.

## II. Fourth Amendment, Sixth Amendment, and Equal Protection Claims

Count II of Gardner's Amended Complaint alleges that Defendants violated her rights under the Fourth Amendment, the Sixth Amendment, and the Equal Protection Clause. However, none of the allegations in the Amended Complaint establish that Defendants falsely arrested Gardner or unlawfully searched her. Similarly, Gardner's Amendment Complaint does not allege that Defendants impeded her ability to enjoy the right to a speedy and public trial by an impartial jury, to be informed of the charges against her, or to have the assistance of counsel for her defense. Likewise, Gardner's Amended Complaint does not allege that she was raped specifically because she was a member of a particular group. Therefore, because Gardner's Amended Complaint fails to state a cognizable claim under the Fourth Amendment, the Sixth Amendment, or under the Equal Protection Clause, these claims are dismissed against Defendants.

## III. 42 U.S.C. § 1983 Due Process Claims

### A. *Administrative Remedies*

As a preliminary matter, we will address the Jefferson County Defendants' argument that Gardner's § 1983 claims should be dismissed because Gardner failed

to exhaust her administrative remedies pursuant to the Prison Litigation Reform Act (the "Reform Act"), 42 U.S.C. § 1997e(a) before filing suit under § 1983. The Reform Act "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they involve excessive force or some other wrong." *Porter v. Nusslei,* 534 U.S. 516, 532 (2002). Gardner was a pretrial detainee when the alleged acts occurred, when she filed suit, however, she was no longer incarcerated. Therefore, because Gardner was not an inmate when she filed suit, she was not required to "exhaust her administrative remedies" under the Reform Act.

B. *Official Capacity*

Count II of Gardner's Amended Complaint alleges that Defendants violated her Due Process rights under § 1983 by failing to protect her from harm. Specifically, Gardner alleges that the Kane County Sheriff, in his official capacity, violated her constitutional rights under § 1983 by transferring her to the Jefferson County jail after the Kane County jail became overcrowded despite knowing about the Jefferson County Sheriff's alleged improper conduct. Gardner's § 1983 official capacity claim against the Jefferson County Sheriff stems from his alleged inadequate training, supervision, and control of the Jefferson County jail guards as well as the fact that he

allegedly allowed his employees to accept female inmate's attention or sexual favors in exchange for additional food, toiletries, and other privileges.

"An official capacity suit is treated as a suit against the entity for which the official capacity defendant is an agent." *McNeal v. Cook County Sheriff's Department*, 282 F.Supp.2d 865, 868 (N.D. Ill. 2003). Because both Sheriffs are county officials, Gardner's claims against them are also claims against their respective Counties. *Id.* For both Counties to be held liable under § 1983, Gardner must establish that each County adopted a policy or custom that resulted in a violation of Gardner's constitutional rights. *Bennet v. Roberts*, 295 F.3d 687, 699 (7th Cir. 2002). Gardner can do this by showing that Defendants: 1) had an express policy that caused her injuries; 2) had a widespread practice which constituted a custom or usage that caused her injuries; or 3) that her injuries were caused by someone with final policymaking authority. *Id.*

Generally, there is no duty to protect individuals from harm. *DeShaney v. Winnebago County Dept. of Soc. Serv.*, 489 U.S. 189, 195-96 (1989). However, when a pretrial detainee is in police custody, a duty to protect that individual from harm exists. Here, Gardner alleges that both Sheriffs violated their duty to protect her from harm by allowing her to be raped while at Jefferson County jail. For such an alleged

violation to constitute a constitutional violation, Gardner must show that both Sheriffs acted with deliberate indifference in protecting her from that harm.

The Seventh Circuit has defined "deliberate indifference" as "conscious disregard of known or obvious dangers." *Armstrong v. Squadrito*, 152 F.3d 564, 577 (7th Cir. 1998). Deliberate indifference "amounts to criminal recklessness-the defendant must have known that the plaintiff was a serious risk of being harmed, [and] decided not do anything to prevent that harm from occurring even though he could easily have done so." *Armstrong*, 152 F.3d at 577. It requires a deliberate choice with respect to a plainly obvious danger. *Id.*

Here, Gardner's allegations suggest that the Kane County Sheriff violated her constitutional right by transferring her to the Jefferson County jail because of overcrowding at the Kane County jail despite knowing that the Jefferson County Sheriff allowed his male staff to sexually assault female inmates. A single transfer of one inmate does not demonstrate that the Kane County Sheriff engaged in a widespread practice. Because Gardner failed to allege this necessary component, her § 1983 claims against the Kane County Sheriff and against Kane County are dismissed.

Alternatively, we find that Gardner has sufficiently alleged a § 1983 claim against the Jefferson County Sheriff in his official capacity. Gardner alleges in her

Amended Complaint that the Jefferson County Sheriff allowed his employees and other Jefferson County jail personnel to accept female inmate's attention or sexual favors in exchange for additional food, toiletries, and other privileges and allowed male prison personnel to communicate in an inappropriate or sexual nature with the female inmates in his jail. Because it should have been obvious to the Jefferson County Sheriff that he needed to prevent such action from taking place and that allowing such behavior to continue would likely result in the violation of constitutional rights, the Jefferson County Sheriff "can reasonably be said to have been deliberately indifferent to the need." *Santiago v. Lanei*, 894 F.2d 218, 223 (7th Cir. 1990). As a result, we find that Gardner's Complaint sufficiently states a claim under § 1983 against the Jefferson County Sheriff in his official capacity but not against the Kane County Sheriff in his official capacity.

### IV. Venue

The Jefferson County Defendants have requested that this case be transferred to the United States District Court for the Southern District of Illinois pursuant to 29 U.S.C. § 1404(a). Section 1404(a) provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The moving party bears the burden of "establishing, by reference to particular circumstances, that the

transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219-20 (7th Cir. 1986). To meet this burden, the moving party must demonstrate that: (1) venue is proper in the transferor district;(2) the transferee court is in a district where the action may have been originally brought; and (3) transfer is for the convenience of parties and witnesses and will serve the interests of justice. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Because the case-by-case consideration required by § 1404(a) involves a large degree of subtlety and latitude, the decision to transfer an action is within the sound discretion of the trial judge. *Coffey*, 796 F.2d at 219.

As an initial matter, we note that Gardner does not oppose transfer of this case to the Southern District of Illinois. Having dismissed Kane County from this suit, we agree that this case merits transfer. The majority of the events Gardner complains of occurred in Jefferson County and the majority of Jefferson County Defendants' witnesses reside in Jefferson County. Both Jefferson County and its witnesses would have to expend great cost and time if this case remained in the Northern District of Illinois. Therefore, in the interest of justice, we find that transfer is proper.

## **CONCLUSION**

For the foregoing reasons, Defendants' motions to dismiss Gardner's negligent and willful and wanton claims, her Equal Protection claims and her claims under the

Fourth and Sixth Amendments are granted; the Kane County Sheriff and Kane County's motions to dismiss Gardner's § 1983 claims is granted; the Jefferson County Sheriff and Jefferson County's motions to dismiss Gardner's § 1983 claims are denied; and the Jefferson County Sheriff and Jefferson County's motions to transfer is granted.

_____
Charles P. Kocoras
United States District Judge

Dated:   June 5, 2008